## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>**Aldo Pimentel-Ramirez,**<br>Defendant. | **CRIMINAL NO. 20-206 (FAB)**<br><br>RECEIVED AND FILED<br>FEBRUARY 22, 2022 AT 11:00 A.M.<br>OFM |

## PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant Aldo Pimentel-Ramirez, and Defendant's counsel, Maria A. Dominguez-Victoriano, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment: Conspiracy to Possess with Intent to Distribute Controlled Substances (Cocaine). That count states that from on or about May 2017 up to and including in or about November 2019, in Puerto Rico, and elsewhere, and within the jurisdiction of this Court, Aldo Pimentel-Ramirez did knowingly and intentionally, combine, conspire, and agree with others, known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and distribute five kilograms or more of a mixture and substance containing a detectable

amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code Sections 841(a)(1) and 846.

Defendant will be entering a plea of guilty to the lesser included offense of Count One under Title 21, United States Code Sections 841(a)(1) and (b)(1)(C) and 846.

## 2. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment, shall be a term of imprisonment of up to twenty years pursuant to 21 U.S.C. §841(b)(1)(C); a fine not to exceed one million dollars pursuant to 21 U.S.C. § 841(b)(1)(C); and a supervised release term of at least three years, pursuant to 21 U.S.C. § 841(b)(1)(B), 846, and 18 U.S.C. § 3583(b)(2).

### Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 3. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 4. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 5. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 6. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>21 U.S.C. § 841(b)(1)(C) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1 (possession with intent to distribute 3.5- 5 kilograms of cocaine) | | | | | 28 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | 25 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 57-71 | 63-78 | 70-87 | 84-105 | 100-125 | 110-137 |

### 7. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree will request a sentence of 54 months of imprisonment.

The parties further agree that defendant's federal conviction in criminal case number 19-744 (RAM) constitutes relevant conduct of the instant offense. Furthermore, the parties agree that the Defendant will not request additional credit from the Court pursuant to sections 5G1.3 or 5K2.23 of the United States Sentencing Guidelines.




The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 8. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 9. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 5 years or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 10. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 11. Satisfaction with Counsel

Defendant is satisfied with counsel, Maria A. Dominguez-Victoriano, Esq., and asserts that counsel has rendered effective legal assistance.

## 12. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 13. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts

that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

14. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

15. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.



16. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

17. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

18. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 19. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 20. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror,

to hold public office, and to lawfully possess a firearm.

**22. Forfeiture Provision**

Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of 21 U.S.C. §841. Further, defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.



The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such

property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

(SPACE INTENTIONALLY LEFT IN BLANK)



The defendant further agrees to waive all statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

W. STEPHEN MULDROW
United States Attorney

_____
Alberto R. Lopez-Rocafort
Assistant U.S. Attorney
Chief, Gang Section
Dated: 2/3/2022

_____
Teresa Zapata-Valladares
Assistant U.S. Attorney
Deputy Chief, Gang Section
Dated: 2-3-2022

_____
R. Vance Eaton
Special Assistant U.S. Attorney
Dated: 2/3/22

_____
Maria A. Dominguez, Esq.
Counsel for Defendant
Dated: 2/2/22

_____
Aldo Pimentel-Ramirez
Defendant
Dated: 2/2/22

U.S. v. Pimentel-Ramirez 20-206 (FAB)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 2/2/2022

Aldo Pimentel-Ramirez
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 2/2/2022

María A. Dominguez, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Aldo Pimentel-Ramirez admits that Defendant is guilty as charged in the Indictment and admits the following:

As to case 20-206, starting in 2017, the Defendant, a cigar broker, conspired to ship cocaine in cigar boxes from the Dominican Republic to the United States.

In August of 2018, HSI in Miami seized two shipments of cigars with cocaine hidden in hollow sides of cigar boxes. The boxes had the label of a fake cigar brand created to smuggle cocaine. On August 6, 2018, agents seized 3 kilograms of cocaine in cigar boxes, and then on August 12, 2018 they seized 23.92 kilograms of cocaine in cigar boxes. The Defendant coordinated the shipment of these cocaine-laden cigars on behalf of an individual in the Dominican Republic (Co-Conspirator 1). The Defendant sent messages to a Miami-based cigar broker about the August 12, 2018 shipment. Those messages include discussions of addresses, payments, and timing, to include the Defendant requesting overnight shipping.

HSI put a ransom note in the shipment with 24 kilograms and sent it along to the Miami broker with other unadulterated cigar boxes, who after opening the shipment, texted the Defendant a picture of the shipment with the missing cocaine cigars. The broker called a phone number on the ransom note and recorded himself talking to who was ostensibly a corrupt port worker seeking money to release the cocaine but was in fact an undercover HSI agent. He then sent that audio recording to the Defendant.

Unbeknownst to the Defendant, the Miami broker contacted local law enforcement in Miami about the ransom. Local law enforcement put him in touch with HSI. Agents from HSI then began to work with him to try to identify the owners of the cocaine in the cigar boxes. He told HSI agents on August 24, 2018 that the owners of the cocaine were coming to his cigar shop there in Miami to pay the ransom for the cocaine. Agents doing surveillance watched the Defendant walk into the shop, walk out, exchange something with another person the parking lot (Co-Conspirator 2), and leave. Co-Conspirator 2 then walked into the Miami broker's shop and left the ransom for the drugs. Agents later identified Co-Conspirator 2 and found messages on the Defendant's phone from that morning in which the Defendant sends the address of the Miami broker's shop to Co-Conspirator 2.

HSI agents instructed the Miami broker to return the ransom to the owners of the cocaine, which he did. A month later, agents set up a meeting to exchange the cocaine for the ransom. At that meeting, previously unknown individuals Manuel Antonio-Arias and Vicente Suero-Caba show up with the ransom. Agents arrested and interviewed them. Both identify the individual in the Dominican Republic (Co-Conspirator 1) and the individual who left the ransom at the Miami broker's shop (Co-Conspirator 2) as involved in the trafficking of the cocaine in the cigar boxes.

On November 13, 2019, agents detained the defendant at the Luis Muñoz-Marín International Airport (SJU) as he tried to leave on a flight for the Dominican Republic with $100,000 in vacuum-sealed cash his luggage, to include in the walls of a wine cooler. He entered a plea of guilty to bulk-cash smuggling in this district on

February 20, 2020. The Government alleges and the Defendant agrees that the bulk-cash smuggling incident was an overt act of the conspiracy to which he is pleading guilty.

When agents arrested the Defendant at SJU in November of 2019, they seized and extracted his cell phone. The Defendant's phone contained photos of boxes of the same fake cigar brands containing cocaine in the Miami seizures; a photo of another phone's screen showing an image of the driver's license of Vicente Suero-Caba; a photo of another phone screen showing a message with the Bureau of Prisons inmate number of Manuel Arias followed by a message from someone saying that Vicente Suero needs a lawyer; and a photo of another phone's screen showing a conversation about both the shipment seized on August 6, 2018, and the one seized on August 12, 2018.

For purposes of this plea agreement, the defendant admits that he possessed with intent to distribute at least 3.5 kilograms but less than 5 kilograms of cocaine.



On December 7, 2021 officers at the Guaynabo Metropolitan Detention Center, where the Defendant has been detained, went into the Defendant's cell to conduct a search. They saw the Defendant flush a cellphone down the toilet. The officers were able to remove the phone from the plumbing of the toilet. That phone was a black in color L8Start mini cellular phone with Claro SIM card bearing serial number 89011100203236269833.

At trial, the United States would have proven beyond a reasonable doubt that Defendant Aldo Pimentel-Ramirez is guilty as charged in Count One of the Indictment. Discovery was timely made available to Defendant for review.

_____
R. Vance Eaton
Special Assistant U.S. Attorney
Dated: 2/3/22

_____
Maria A. Dominguez, Esq.
Counsel for Defendant
Dated: 2/2/22

_____
Aldo Pimentel-Ramirez
Defendant
Dated: 2/2/22